■ In the Matter of CHARLES SHANE, JR., et al., Appellants, v. ROY KERN et al., Constituting the Board of Zoning Appeals of the Town of Smithtown, Respondents.— In a proceeding pursuant to article 78 of the CPLR, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered September 27, 1967, which dismissed the petition. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for a hearing and determination *de novo* on the basis of the proof adduced at the hearing. No questions of fact have been considered. The reasons stated for the board's denial of a special exception are proper, but there is no evidence in the record sufficient to support those conclusions (cf. *Matter of Shell Oil Co.* v. *Farrington*, 21 A D 2d 794, 795). A court may not substitute its judgment for that of the board (*Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20, 25; *Matter of Von*

---

*Kohorn* v. *Morrell*, 9 N Y 2d 27, 33–34), but there can be no meaningful review of the reasonableness of that judgment unless some evidence in support of the conclusions reached is in the record. Petitioners dispute the findings that granting of the special exception would result in creation of a fire hazard and worsening of traffic congestion. We think a hearing is required to determine whether there is evidence to support the reasons given by the Board for its action. The advisory report of the Planning Director, which the ordinance requires the board to consider in reaching its decision, shall be part of the record. Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.